

IN THE CIRCUIT COURT OF FORREST COUNTY, MISSISSIPPI

SELENA HOWARD; DARIOUS LEGGETT; and
ANTRINET LEGGETT                                          PLAINTIFFS

VERSUS                                                    CAUSE NO: W19-0106

FORREST COUNTY;
CHEY SUMRALL, individually and
in his official capacity; BLAKE BA[...],
individually and in his official capacity;                DEFENDANTS

FILED
MAY 15 2019
FORREST COUNTY CIRCUIT CLERK

## COMPLAINT

COMES NOW, Plaintiffs, by and through undersigned counsel, and makes this, their Complaint against named Defendants, and would show unto the Court the following, to wit:

### PARTIES

1. Plaintiff, Darious Leggett, is a resident citizen of Forrest County, Mississippi who may be contacted through undersigned counsel.

2. Plaintiff, Selena Howard, is a resident citizen of Forrest County, Mississippi who may be contacted through undersigned counsel.

3. Plaintiff, Antrinet Leggett, is a resident citizen of Forrest County, Mississippi who may be contacted through undersigned counsel.

4. Defendant Chey Sumrall is sued in his individual capacity and as a deputy of the Forrest County sheriff department and may be served with process at 55 Arena Drive, Hattiesburg, Mississippi 39401.

1



5. Defendant Blake Bass is sued in his individual capacity and as a deputy of the Forrest County Sheriff department and may be served with process at 55 Arena Drive, Hattiesburg, Mississippi 39401.

6. Defendant Forrest County is a governmental entity organized and authorized by the laws of the State of Mississippi who may be served with process through Jimmy Havard, Forrest County Chancery Clerk, 641 Main Street, Hattiesburg, Mississippi, 39401.

## JURISDICTION AND VENUE

7. Venue is proper pursuant to Miss. Code Ann. § 11-11-3 because substantial acts and omissions which caused the injury occurred in Forrest County, Mississippi, and because the action against governmental entities must be commenced in the county where the entities are located. The misconduct complained of herein arose in Lamar County, Mississippi. Jurisdiction of the parties and of the subject matter of this action are proper in this Court.

8. This action is authorized by 42 U.S.C. § 1983 and made pursuant to the 1st, 4th and 14th Amendments to the United States Constitution.

## FACTUAL ALLEGATIONS

9. On or about September 27, 2017 the individual Defendant officers arrived at the Plaintiffs' home on Elks Road in Hattiesburg to allegedly perform a "welfare check" on the Plaintiffs' dogs.

10. The day before the "welfare check," an older couple complained that the Plaintiffs would not allow them to trespass on their property in order to visit a confederate cemetery.

11. On September 27, 2017 the individual Defendants began to approach the porch of the home and were met by Selena Howard, a white female. The parties began discussing the presence of dogs on the property.

12. Selena Howard informed the officers that the dogs belong to her.

13. Darious Leggett, a black male and boyfriend of Selena Howard, exited the home and walked onto the porch to talk with the deputies and asked the deputies why they were there. Mr. Leggett was not confrontational, nor did Mr. Leggett make any other inquiry at that time.

14. The Defendant officers, seemingly upset by Darious Leggett's questioning their presence, respond that they can arrest Mr. Leggett then and there because one of the dogs is on a chain, as opposed to being allowed to run free.

15. The Defendant officers then command Mr. Leggett to "get your God D**mn dog off the chain." Mr. Leggett complied and removed the dog from the chain.

16. The Defendant officers then threatened to arrest Mr. Leggett because of the dogs. The Defendant officers did not harass or make any threats towards the white female, Selena Howard, despite her having told the officers that dogs belonged to her.

17. The Defendant officers then demanded to see how much dog food the Plaintiffs had in the house. Mr. Leggett began to walk into the house and the deputies attempted to follow Mr. Leggett into the house. Mr. Leggett told the deputies "I know my rights, stop there." Mr. Leggett retrieved the dog food container and showed the container to the individual Defendants.

18. Seemingly upset over not being allowed to enter the house, the deputies then became more aggressive and began to try and provoke Mr. Leggett by getting in the face of Mr. Leggett, being verbally abusive.

19. Defendant Sumrall then told Mr. Leggett "I know you want to do something..." At this point, Antrinet Leggett stepped between Defendant Sumrall and her son and asked Defendant Sumrall to leave her son alone.

20. At this point, the Defendant officers attempted to place Mr. Leggett under arrest, allegedly because of the dogs.

21. For a second time, Selena Howard informed the officers that the dogs belonged to her and that the house was hers, not Mr. Leggett.

22. Ms. Howard, a white female, was ignored by the Defendant officers who continued to harass Mr. Leggett and his mother Antrinet Leggett.

23. Mr. Leggett questioned and protested his arrest and was tazed for questioning his arrest under these circumstances. The officers lacked probable cause to arrest or detain any Plaintiff. Further, County officers do not ordinarily arrest or detain any person for charges regarding animals under these circumstances.

24. Antrinet Leggett then threatened to call a judge who she knew because the Defendant Officer's actions were not right, which seemed to make the Defendant Officers angrier and more aggressive.

25. The Defendant Officers then slapped the phone out of Mrs. Leggett's hand. Mrs. Leggett fell to the ground, striking her head. The Defendant Officers took the phone and never returned the phone to Mrs. Leggett.

4

26. The officers then placed handcuffs on Mrs. Leggett. Mrs. Leggett protested the unlawful arrest and was tazed as a result of her protest by Defendant Sumrall.

27. While Mr. Leggett was watching the Defendant Officer's unlawfully arrest and assault his mother, Mr. Leggett protested the Defendant Officer's actions. In response to the protest, Defendant Bass pointed his tazer directly at Mr. Leggett's genitals and fired his tazer, striking Mr. Leggett in his testicles, causing extreme pain to Mr. Leggett.

28. Based upon the time it took to aim the tazer at Mr. Leggett's genitals, Defendant Bass purposefully fired the tazer at Mr. Leggett's genitals. This use of force was clearly unnecessary and excessive.

29. Mr. Leggett was taken to Forrest General Hospital because the tazer prongs had to be removed from his genitals by medical staff.

30. Mrs. Leggett was arrested and spent the night in jail.

31. During the incident, Mrs. Howard called 911 to request law enforcement send someone to help and stop the Defendant Officers from assaulting the Leggetts.

32. During the incident, the Defendant officers completely ignored the white owner of the dogs and property.

33. At a trial in this matter, all Defendants were found to be not guilty of any and all charges brought against them by the individual Defendants.

## ALLEGATIONS OF LAW

34. Plaintiffs incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

35. All acts of the Defendants were under the color and pretenses of the ordinances, policies, practices, customs, regulations, usages and/or statutes of the United States Government, the State of Mississippi and Forrest County.

36. It is the custom and policy of all Defendants to violate the procedural and substantive due process rights of individuals. The County has refused to provide their deputies with body cameras in order to prevent the public from witnessing the unlawful actions of deputies, as complained of herein. Therefore, the County has encouraged and ratified the actions complained of herein.

37. It is the custom and policy of all Defendants to violate the search and seizure rights of citizens in and around the area of Forrest County where the unlawful seizure of Plaintiffs occurred.

38. It is the policy and practice of the Defendants to violate the civil rights of in and around the area of Forrest County where the unlawful seizure occurred.

39. It is the policy and custom of Defendants to falsely arrest black citizens in the area of Forrest where the unlawful seizure occurred, while white citizens are warned, left only, or given a citation as opposed to being arrested.

40. Defendants did not have reasonable suspicion and/or probable cause to enter the home.

41. Defendant Officers did not follow their own policy or procedure in searching, tazing, arresting, booking, and holding the Leggetts.

42. Forrest County has failed to train and/or supervise their subordinates to prevent the actions described herein.

43. Defendants' actions were in bad faith and were intended and designed to punish the Leggetts because of their race.

44. At all times relevant to this action, Plaintiffs' rights were clearly established. At all times relevant to this action, Defendants violated Plaintiffs' constitutional rights.

45. Defendants' actions evidence malice and/or constitute willful misconduct.

46. As a result of Defendants' actions, Plaintiffs have suffered humiliation, embarrassment, loss of reputation and had their liberty and privacy interests severely impacted.

## COUNT I IN VIOLATION OF 42 U.S.C. 1983
### Fourth Amendment/Fourteenth Amendment – Unlawful Seizure

47. Plaintiffs incorporate by reference each of the preceding paragraphs as if they had been fully restated herein.

48. The unlawful actions of the Defendants, as alleged herein, constituted an intrusion into Plaintiffs' right to be free from an unlawful seizure of their person.

49. Defendants had an affirmative duty to prevent such intrusions.

50. Defendant Officers, acting without authority, knowingly conducted an illegal seizure of Darious and Antrinet Leggett. Defendants used excessive force resulting in Plaintiffs' unlawful seizure and incarceration.

51. Defendants, acting knowingly, maliciously, willfully and wantonly, and evincing a complete and utter disregard for the rights of the Plaintiffs, unlawfully seized Plaintiffs despite lacking reasonable suspicion or probable cause.

52. Plaintiffs have an established constitutional right to be free from an unlawful seizure and confinement.

53. As a direct and proximate cause of Defendants' actions, Plaintiffs' rights, as guaranteed by the Fourth and Fourteenth Amendments, were injured.

WHEREFORE Plaintiff prays for relief against all Defendants as set forth below

## COUNT II IN VIOLATION OF 42 U.S.C. 1983
### 1st Amendment

54. Plaintiffs incorporate by reference each of the preceding paragraphs as if they had been fully restated herein.

55. The Defendants placed Mr. Leggett under arrest only after he protested the Defendants attempt to enter his home unlawfully.

56. The Defendants attacked and placed Mrs. Leggett under arrest only after she threatened to call and report the officers' misconduct.

57. The unlawful and retaliatory actions of Defendants, as alleged herein, deprived Plaintiffs of their rights under the 1st Amendment.

58. As a direct and proximate cause of Defendants' actions, Plaintiffs' rights, as guaranteed by the 1st Amendment, were injured.

59. Additionally, the Plaintiffs were assaulted and tazed when they attempted to protest the unlawful actions of the Defendants, further depriving the Plaintiffs of their rights under the 1st Amendment.

WHEREFORE Plaintiff prays for relief against all Defendants as set forth below

## COUNT III IN VIOLATION OF 42 U.S.C. 1983
### Fourth Amendment/Fourteenth Amendment – False Imprisonment

60. Plaintiffs incorporate by reference each of the preceding paragraphs as if they had been fully restated herein.

61. The unlawful actions of Defendants, as alleged herein, deprived Plaintiff of their rights against false imprisonment.

62. Defendants recklessly, knowingly, intentionally, willfully and wantonly arrested and falsely imprisoned Plaintiffs with the understanding that there was no lawful arrest made of the Plaintiffs.

63. No reasonable officer in Defendants' position, with the information each had in his or her possession when seeking the search and arrest of Plaintiffs, would have found that the stop and force used was constitutional.

64. Based on the acts described herein, the process by which Plaintiffs were wrongfully searched, arrested and confined was so wholly lacking in the concept of justice in a civilized society, that Plaintiffs were never actually provided legal process and, therefore, were falsely imprisoned by Defendants.

65. Defendants, Forrest County, and Forrest County Sheriff's Department, as supervisors of Defendants, respectively, recklessly, knowingly, intentionally, willfully and wantonly, participated in, knew of, condoned and/or approved the wrongful acts of Defendants described herein, with the intent and understanding to bring about Plaintiffs' unconstitutional arrests, tazing, search, and confinement.

66. As a direct and proximate cause of Defendants' actions, Plaintiffs' rights, as guaranteed by the Fourth and Fourteenth Amendments, were injured.

WHEREFORE Plaintiff prays for relief against all Defendants as set forth below.

## COUNT IV IN VIOLATION OF 42 U.S.C. 1983
### Excessive Force in Violation of the Fourth and Fourteenth Amendment

67. Plaintiffs incorporate by reference each of the preceding paragraphs as though fully restated herein.

68. On September 27, 2017 the Defendants used excessive force upon the Plaintiffs during an unlawful seizure and violated Plaintiffs' right to bodily integrity.

69. Plaintiffs have a constitutional right to bodily integrity and to be free from the use of excessive force and outrageous and unreasonable force, which shocks the conscience and offends traditional notions of decency.

70. Plaintiffs have a right to be free from the use of deprivation of life and liberty without due process of law.

71. Plaintiffs' rights were clearly established and violated by the Defendants' actions as described herein.

WHEREFORE Plaintiffs pray for relief against all Defendants as set forth below.

## COUNT V IN VIOLATION OF 42 U.S.C. 1983
### Fourteenth Amendment – Equal Protection

72. Plaintiffs incorporate by reference each of the preceding paragraphs as though fully restated herein.

73. The Leggetts were assaulted and arrested because they are black. The Defendant Officers claimed that they were arresting the Leggetts because of the dogs being allegedly neglected, however, Selena Howard informed the officers on multiple occasions that the dogs and the property belonged to her.

74. Selena Howard is white. The Defendant officers refused to listen or talk with Ms. Howard. Mrs. Howard was later given a citation, but she was never placed under arrest while the black Plaintiffs were assaulted, arrested, and confined in the county jail.

75. The Individual Defendants' actions evidence a racially motivated arrest and assault on the Leggetts, because they are black.

WHEREFORE Plaintiffs pray for relief against all Defendants as set forth below

## COUNT VI IN VIOLATION OF 42 U.S.C. 1981; 42 U.S.C. 1985; and 42 U.S.C. 1988
### Race Discrimination

76. Plaintiffs incorporate by reference each of the preceding paragraphs as if they had been fully restated herein.

77. The actions of the Defendants have deprived the Plaintiffs of their civil rights because the Leggetts are black.

78. As complained of herein, non-black persons were and are treated more favorably than black persons, and more specifically the Plaintiffs in this action.

79. Upon information and belief, the preferential treatment of alleged non-black offenders is common practice and custom within Forrest County, depriving Plaintiffs and all black persons of fair and equal treatment under the law based upon race.

80. More specifically, the Individual Defendants berated and antagonized the Plaintiffs because of an animal welfare check. Non-black individuals accused of animal neglect are only given citations, while in this instance, the Plaintiffs (Darious and Antrinet Leggett) were detained.

WHEREFORE Plaintiffs pray for relief against all Defendants as set forth below.

## COUNT VII IN VIOLATION OF OF– 42 U.S.C. § 1983
### (Fourteenth Amendment – Fabrication/Misrepresentation of Evidence)

81. Plaintiffs incorporate by reference each of the preceding paragraphs as if they had been fully restated herein.

82. Upon information and belief, Defendants Sumrall and Bass provided deliberately or recklessly false/misleading evidence and/or information in order to prosecute Plaintiffs.

83. Defendants Sumrall and Bass knew, or with reasonable diligence would have known, that Plaintiffs had not neglected their dogs, nor had the Plaintiffs committed any other crime for which any Plaintiff was accused.

84. Defendants Sumrall and Bass knew that no Plaintiff initiated any altercation with the officers in order to substantiate the charges brought against the Plaintiffs.

85. Upon information and belief, Forrest County has a policy or custom or pressing unfounded and/or false charges against persons who have been the victim of excessive force. The County's policy or custom in this case caused the deprivation of Plaintiffs' rights.

86. The County has furthered this unlawful policy and/or custom by refusing to purchase body cameras and dash cameras in an effort to insulate officers from proof of unlawful acts such as excessive force.

WHEREFORE Plaintiffs pray for relief against all Defendants as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

1. Assume jurisdiction over this action;

2. Declare that Defendants' actions, as herein described, violated Plaintiff's constitutional rights under the First, Fourth and Fourteenth Amendments to the United States Constitution;

3. Appropriate equitable relief including but not limited to prospective injunctive relief, declaratory and other injunctive remedies;

4. Award Plaintiffs nominal and actual damages for Defendants violation of their constitutional and statutory rights;

5. Award Plaintiffs compensatory damages, including, but not limited to, those for past and future pecuniary and non-pecuniary losses, emotional distress, suffering, loss of reputation, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;

6. Punitive damages for all claims allowed by law in an amount to be determined at trial;

7. Pre-judgment and post-judgment interest at the highest lawful rate;

8. Award Plaintiff his costs of litigation, including reasonable attorney's fees and expenses, pursuant to 42 U.S.C. sec. 1988 and/or 20 U.S.C. sec. 1400 et seq.; and

9. Grant such other relief to which Plaintiff may be entitled or as this Court deems necessary and proper.

RESPECTFULLY SUBMITTED this the 14th day of May, 2019.

SELENA HOWARD; DARIOUS
LEGGETT; and
ANTRINET LEGGETT
PLAINTIFFS

_____
DANIEL M. WAIDE, MSB #103543

Daniel M. Waide, (MSB#103543)
Johnson, Ratliff & Waide, PLLC
1300 HARDY ST.
PO BOX 17738
HATTIESBURG, MS 39404
601-582-4553 (OFFICE)
601-582-4556 (FAX)
dwaide@jhrlaw.net