**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**SELENA HOWARD; DARIOUS LEGGETT; and**
**ANTRINET LEGGETT**                                                            **PLAINTIFFS**

**V.**                                                   **CIVIL ACTION NO. : 2:19-cv-84-KS-MTP**

**FORREST COUNTY;**
**CHEY SUMRALL, individually and**
**In his official capacity; BLAKE BASS,**
**Individually and in his official capacity**                    **DEFENDANTS**

**FORREST COUNTY, CHEY SUMRALL AND**
**BLAKE BASS'S ANSWER TO PLAINTIFFS' COMPLAINT**

Come now, Defendants, Forrest County, Chey Sumrall and Blake Bass, by and through counsel, and in response to Plaintiffs' Complaint, would show unto the Court as follows:

**FIRST DEFENSE**

Plaintiffs Complaint fails to state a claim upon which any relief may be granted and, therefore, pursuant to Fed. R. Civ. P. 12(b)(6), the same should be dismissed.

**SECOND DEFENSE**

Plaintiffs' Complaint fails to state facts against the answering defendants which would rise to the level of a constitutional deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

## THIRD DEFENSE

Chey Sumrall and Blake Bass are entitled to qualified immunity in this matter. More specifically, Sumrall and Bass would affirmatively assert that Plaintiffs' Complaint fails to allege a violation of a clearly established constitutional right and, at all times, their conduct was objectively reasonable.

## FOURTH DEFENSE

Answering defendants specifically assert and invoke all defenses available to it as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

## FIFTH DEFENSE

Insofar as any state law claims are concerned, answering defendants invoke each and every privilege, immunity, restriction and/or limitation of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.*, including, but not limited to, the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-15.

## SIXTH DEFENSE

Answering defendants deny that they have been guilty of any actionable conduct.

## SEVENTH DEFENSE

## ADMISSIONS AND DENIALS

And now, without waiving any defenses heretofore or hereinafter set forth, answering defendants respond to the allegations in Plaintiffs' Complaint, paragraph by paragraph, as follows:

**COMPLAINT**

**PARTIES**

1.      Answering defendants admit, upon information and belief, the allegations of paragraph 1 of Plaintiffs' Complaint.

2.      Answering defendants admit, upon information and belief, the allegations of paragraph 1 of Plaintiffs' Complaint.

3.      Answering defendants admit, upon information and belief, the allegations of paragraph 1 of Plaintiffs' Complaint.

4.      Answering defendants admit that at all times relevant to Plaintiffs' claims, Sumrall was a deputy sheriff for the Forrest County Sheriff's Department who may be served with process pursuant to the Federal Rules of Civil Procedure and the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1 *et seq*. Answering defendants deny the remaining allegations of paragraph 4 of Plaintiffs' Complaint.

5.      Answering defendants admit that at all times relevant to Plaintiffs' claims, Bass was a deputy sheriff for the Forrest County Sheriff's Department who may be served with process pursuant to the Federal Rules of Civil Procedure and the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1 et seq. Answering defendants deny the remaining allegations of paragraph 5 of Plaintiffs' Complaint.

6.      Answering defendants admit Forrest County is a political subdivision of the State of Mississippi and that it may be served with process pursuant to the Federal Rules of Civil Procedure and the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1

3

*et seq*. Answering defendants deny the remaining allegations of paragraph 6 of Plaintiffs' Complaint.

## JURISCICTION AND VENUE

7.      Without waiving any immunities, defenses, restrictions or limitations, answering defendants admit that venue is proper in this matter. Answering defendants deny the remaining allegations of paragraph 7 of Plaintiffs' Complaint.

8.      Answering defendants admit this Court has jurisdiction over this matter inasmuch as Plaintiff alleges federal claims. Answering defendants deny the remaining allegations of paragraph 8 of Plaintiffs' Complaint.

## FACTUAL ALLEGATIONS

9.      Answering defendants admit that on September 27, 2017, they went to perform a welfare check on some animals. Answering defendants deny the remaining allegations of paragraph 9 of Plaintiffs' Complaint.

10.      Answering defendants lack information sufficient to make a determination as to the allegations of paragraph 10 of Plaintiffs' Complaint and, as such, deny the same.

11.       Answering defendants admit the allegations of paragraph 11 of Plaintiffs' Complaint.

12.      Answering defendants admit the allegations of paragraph 12 of Plaintiffs' Complaint.

13.     Answering defendants admit Mr. Leggett exited the home and confronted officers. Answering defendants deny the remaining allegations of paragraph 13 of Plaintiffs' Complaint.

14.     Answering defendants deny the allegations of paragraph 14 of Plaintiffs' Complaint.

15.     Answering defendants admit that Leggett was ordered to release a dog from a chain. Answering defendant deny the remaining allegations of paragraph 15 of Plaintiffs' Complaint.

16.     Answering defendants deny the allegations of paragraph 16 of Plaintiffs' Complaint.

17.     Answering defendants admit that Leggett attempted to show them that he had food for the dogs. Answering defendants deny the remaining allegations of paragraph 17 of Plaintiffs' Complaint.

18.     Answering defendants deny the allegations of paragraph 18 of Plaintiffs' Complaint.

19.     Answering defendants deny the allegations of paragraph 13 of Plaintiffs' Complaint.

20.     Answering defendants admit that they tried to place Mr. Leggett under arrest. Answering defendants deny the remaining allegations of paragraph 20 of Plaintiffs' Complaint.

21.     Answering defendants admit that Ms. Howard told officers the dogs were hers. Answering defendants deny the remaining allegations of paragraph 21 of Plaintiffs' Complaint.

22.     Answering defendants deny the allegations of paragraph 13 of Plaintiffs' Complaint.

23.     Answering defendants deny the allegations of paragraph 13 of Plaintiffs' Complaint, as stated.

24.     Answering defendants deny the allegations of paragraph 13 of Plaintiffs' Complaint.

25.     Answering defendants deny the allegations of paragraph 13 of Plaintiffs' Complaint.

26.     Answering defendants admit Ms. Leggett was arrested. Answering defendants deny the remaining allegations of paragraph 26 of Plaintiffs' Complaint.

27.     Answering defendants admit Mr. Leggett protested his and his mother's arrest and that he was Tased during the incident about which Plaintiff complains. Answering defendants deny the remaining allegations of paragraph 27 of Plaintiffs' Complaint.

28.     Answering defendants deny the allegations of paragraph 13 of Plaintiffs' Complaint.

29.     Answering defendants admit that Mr. Leggett was transported to the hospital by AAA ambulance service. Answering defendants lack information sufficient

to make a determination as to the truth of the remaining allegations of paragraph 29 of Plaintiffs' Complaint and, as such, deny the same.

30.     Answering defendants deny the allegations of paragraph 30 of Plaintiffs' Complaint.

31.     Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 31 of Plaintiffs' Complaint and, as such, deny the same.

32.     Answering defendants deny the allegations of paragraph 13 of Plaintiffs' Complaint.

33.     Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 33 of Plaintiffs' Complaint and, as such, deny the same.

## ALLEGATIONS OF LAW

34.     Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-33 herein above as if the same were specifically set out herein.

35.     Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 35 of Plaintiffs' Complaint and, as such, deny the same.

36.     Answering defendants deny the allegations of paragraph 36 of Plaintiffs' Complaint.

37.     Answering defendants deny the allegations of paragraph 37 of Plaintiffs' Complaint.

38.     Answering defendants deny the allegations of paragraph 38 of Plaintiffs' Complaint.

39.     Answering defendants deny the allegations of paragraph 39 of Plaintiffs' Complaint.

40.     Answering defendants deny the allegations of paragraph 40 of Plaintiffs' Complaint.

41.     Answering defendants deny the allegations of paragraph 41 of Plaintiffs' Complaint.

42.     Answering defendants deny the allegations of paragraph 42 of Plaintiffs' Complaint.

43.     Answering defendants deny the allegations of paragraph 43 of Plaintiffs' Complaint.

44.     Answering defendants deny the allegations of paragraph 44 of Plaintiffs' Complaint.

45.     Answering defendants deny the allegations of paragraph 45 of Plaintiffs' Complaint.

46.     Answering defendants deny the allegations of paragraph 46 of Plaintiffs' Complaint.

**COUNT I IN VIOLATION OF 43 U.S.C. § 1983**
**Fourth Amendment/Fourteenth Amendment – Unlawful Seizure**

47.     Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-46 herein above as if the same were specifically set out herein.

48.     Answering defendants deny the allegations of paragraph 48 of Plaintiffs' Complaint.

49.     Answering defendants deny the allegations of paragraph 49 of Plaintiffs' Complaint.

50.     Answering defendants deny the allegations of paragraph 50 of Plaintiffs' Complaint.

51.     Answering defendants deny the allegations of paragraph 51 of Plaintiffs' Complaint.

52.     Answering defendants deny the allegations of paragraph 52 of Plaintiffs' Complaint.

53.     Answering defendants deny the allegations of paragraph 53 of Plaintiffs' Complaint.

As for the unnumbered paragraph which commences, "WHEREFORE Plaintiff prays for relief…," answering defendants deny each and every allegation contained therein and would affirmatively aver that Plaintiffs are not entitled to any recovery whatsoever.

## COUNT II IN VIOLATION OF 42 U.S.C. 1983
## 1st Amendment

54.     Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-53 herein above as if the same were specifically set out herein.

55.     Answering defendants deny the allegations of paragraph 55 of Plaintiffs' Complaint.

56.     Answering defendants deny the allegations of paragraph 56 of Plaintiffs' Complaint.

57.     Answering defendants deny the allegations of paragraph 57 of Plaintiffs' Complaint.

58.     Answering defendants deny the allegations of paragraph 58 of Plaintiffs' Complaint.

59.     Answering defendants deny the allegations of paragraph 59 of Plaintiffs' Complaint.

As for the unnumbered paragraph which commences, "WHEREFORE Plaintiff prays for relief…," answering defendants deny each and every allegation contained therein and would affirmatively aver that Plaintiffs are not entitled to any recovery whatsoever.

**COUNT III IN VIOLATION OF 42 U.S.C. 1983**
**Fourth Amendment/Fourteenth Amendment – False Imprisonment**

60.     Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-59 herein above as if the same were specifically set out herein.

61.     Answering defendants deny the allegations of paragraph 61 of Plaintiffs' Complaint.

62.     Answering defendants deny the allegations of paragraph 62 of Plaintiffs' Complaint.

63.     Answering defendants deny the allegations of paragraph 63 of Plaintiffs' Complaint.

64.     Answering defendants deny the allegations of paragraph 64 of Plaintiffs' Complaint.

65.     Answering defendants deny the allegations of paragraph 65 of Plaintiffs' Complaint.

66.     Answering defendants deny the allegations of paragraph 66 of Plaintiffs' Complaint.

As for the unnumbered paragraph which commences, "WHEREFORE Plaintiff prays for relief…," answering defendants deny each and every allegation contained therein and would affirmatively aver that Plaintiffs are not entitled to any recovery whatsoever.

**COUNT IV IN VIOLATION OF 42 U.S.C. 1983**
**Excessive Force in Violation of the Fourth and Fourteenth Amendment**

67.     Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-66 hereinabove as if the same were specifically set out herein.

68.     Answering defendants deny the allegations of paragraph 68 of Plaintiffs' Complaint.

69.     Answering defendants deny the allegations of paragraph 69 of Plaintiffs' Complaint.

70.     Answering defendants deny the allegations of paragraph 70 of Plaintiffs' Complaint.

71.     Answering defendants deny the allegations of paragraph 71 of Plaintiffs' Complaint.

As for the unnumbered paragraph which commences, "WHEREFORE Plaintiffs pray for relief…," answering defendants deny each and every allegation contained therein and would affirmatively aver that Plaintiffs are not entitled to any recovery whatsoever.

**COUNT V IN VIOLATION OF 42 U.S.C. 1983**
**Fourteenth Amendment – Equal Protection**

72.     Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-71 hereinabove as if the same were specifically set out herein.

73.      Answering defendants deny the allegations of paragraph 73 of Plaintiffs' Complaint.

74.      Answering defendants deny the allegations of paragraph 74 of Plaintiffs' Complaint.

75.      Answering defendants deny the allegations of paragraph 75 of Plaintiffs' Complaint.

As for the unnumbered paragraph which commences, "WHEREFORE Plaintiffs pray for relief…," answering defendants deny each and every allegation contained therein and would affirmatively aver that Plaintiffs are not entitled to any recovery whatsoever.

**COUNT VI IN VIOLATION OF 42 U.S.C. 1985; AND 42 U.S.C. 1988**
**Race Discrimination**

76.      Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-75 hereinabove as if the same were specifically set out herein.

77.      Answering defendants deny the allegations of paragraph 77 of Plaintiffs' Complaint.

78.      Answering defendants deny the allegations of paragraph 78 of Plaintiffs' Complaint.

79.      Answering defendants deny the allegations of paragraph 79 of Plaintiffs' Complaint.

80.     Answering defendants deny the allegations of paragraph 80 of Plaintiffs' Complaint.

As for the unnumbered paragraph which commences, "WHEREFORE Plaintiffs pray for relief…," answering defendants deny each and every allegation contained therein and would affirmatively aver that Plaintiffs are not entitled to any recovery whatsoever.

**COUNT VII IN VIOLATION OF – 42 U.S.C. § 1983**
**(Fourteenth Amendment – Fabrication/Misrepresentation of Evidence)**

81.     Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-80 hereinabove as if the same were specifically set out herein.

82.     Answering defendants deny the allegations of paragraph 82 of Plaintiffs' Complaint.

83.     Answering defendants deny the allegations of paragraph 83 of Plaintiffs' Complaint.

84.     Answering defendants deny the allegations of paragraph 84 of Plaintiffs' Complaint.

85.     Answering defendants deny the allegations of paragraph 85 of Plaintiffs' Complaint.

86.     Answering defendants deny the allegations of paragraph 86 of Plaintiffs' Complaint.

As for the unnumbered paragraph which commences, "WHEREFORE Plaintiffs pray for relief…," answering defendants deny each and every allegation contained therein and would affirmatively aver that Plaintiffs are not entitled to any recovery whatsoever.

## PRAYER FOR RELIEF

As for the last unnumbered paragraph which commences, "WHEREFORE Plaintiff respectfully prays…," answering defendants deny each and every allegation contained therein and would affirmatively aver that Plaintiffs are not entitled to any recovery whatsoever.

## EIGHTH DEFENSE

Answering defendants are protected by and invoke all the immunities granted by judicial, common law, and statutory sovereign immunity.

## NINTH DEFENSE

Answering defendants allege that they met or exceeded the requirements of law and due care and that they are guilty of no acts or omissions which either caused or contributed to the incidents in question.

## TENTH DEFENSE

Answering defendants allege that Plaintiffs' claims are barred by the applicable statute of limitations, *res judicata*, abstention, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, lack of standing, release, and/or estoppel.

## ELEVENTH DEFENSE

Plaintiffs are not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15 insofar as any state court claims are concerned.  Additionally, answering defendants would affirmatively state that the Plaintiffs are not entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a)     The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b)     The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c)     The procedures fail to provide a limit on the amount of the award against the defendants.

(d)     The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e)     The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f)     The procedures permit multiple awards of punitive damages for the same alleged act.

(g)     The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h)     The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i)     The standard of conduct upon which punitive damages are sought is vague.

## TWELFTH DEFENSE

Answering defendants invoke *Heck v. Humphrey*, 512 U.S. 477 (1994) as a defense to the extent it is applicable to any of Plaintiffs' claims.

## THIRTEENTH DEFENSE

Answering defendants reserve the right to add additional defenses as the same become known during the course of discovery of this cause.

And now, having answered the Complaint against them, answering defendants request that the same be dismissed and discharged with costs assessed against the Plaintiffs.

**DATE:**        **June 3, 2019.**

Respectfully submitted,

**FORREST COUNTY, CHEY SUMRALL AND BLAKE BASS**

By:     /s/ William R. Allen
            One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
JESSICA S. MALONE (MSB #102826)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS  39602-0751
Tel. 601-833-4361
Fax 601-833-6647
Email:  wallen@aabalegal.com
Email:  jmalone@aabalegal.com

## CERTIFICATE

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing Forrest County, Chey Sumrall, and Blake Bass's Answer to Plaintiffs' Complaint with the Clerk of the Court using the ECF system which gave notification of the same to the following:

Daniel M. Waide, Esq.
Johnson, Ratliff & Waide, PLLC
P.O. Box 17738
Hattiesburg, MS 39404
dwaide@jhrlaw.net
*Attorney for Plaintiffs*

This the 3rd day of June, 2019.

*/s/ William R. Allen*
OF COUNSEL