## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**SELENA HOWARD,** *et al*                                      **PLAINTIFFS**

**v.**                                      **CAUSE NO. 2:19-cv-00084-KS-MTP**

**FORREST COUNTY,** *et al*                                    **DEFENDANTS**

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S
### MOTION TO STRIKE EXPERT DESIGNATION

COMES NOW Plaintiff, by and through undersigned Counsel, and makes this, their Memorandum in Support of Plaintiffs' Motion to Strike Discovery and would show unto the Court, the following, to wit:

### INTRODUCTION

Following an extension, Defendants filed their Notice of Service of Designation of Expert Witnesses [17] on January 17, 2020. Defendants designated as their expert Steven D. Ashley. **Exhibit A, Designation of Expert.** Defendants did not serve any type of report contemporaneous wit the filing of their expert designations.

The Defendants wholly fail to identify the basis of Mr. Ashley's opinions in this case, or how Mr. Ashley reached those opinions. Defendants' designation is vague, ambiguous and fails to meet the minimum requirements under Rule 26, requiring that Mr. Ashley be stricken as an expert and prohibited from providing any opinions in this matter.

On May 1, 2020 – the last day of an extended discovery period - the Defendants produced a report of Mr. Ashley. The Defendants' untimely production must be stricken as well as Mr. Ashley.

## ARGUMENT

### I.    Defendants' Designation fails to identify Mr. Ashley's Opinions or His Report

No report, no opinion, and no basis for any actual opinion was provided by the Defendants when they initially designated Mr. Ashley as an expert in this case. Regarding information required in the expert's report, Rule 26 states in relevant part:

> (B) Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> > (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> >
> > (ii) the facts or data considered by the witness in forming them;
> >
> > (iii) any exhibits that will be used to summarize or support them;
> >
> > (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> >
> > (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> >
> > (vi) a statement of the compensation to be paid for the study and testimony in the case.
>
> Fed.R.Civ.P. 26(a)(2)(B).

As set forth in both the Federal Rules of Civil Procedure and case law, an expert's report must be "detailed and complete" in order to "avoid the disclosure of 'sketchy and vague' expert information." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc*., 73 F.3d 546, 571

(5th Cir.1996) (citing Fed.R.Civ.P. 26 Advisory Committee Notes). As a sanction for failure to comply with Rule 26(a), the offending party may be prohibited from using the evidence in question at trial. *Heidtman v. County of El Paso*, 171 F.3d 1038, 1040 (5th Cir.1999) (citing Fed.R.Civ.P. 37(c)(1)). No report was provided by the Defendants regarding Mr. Ashley.

The Defendants' designation of Mr. Ashely wholly fails to identify what Mr. Ashely's opinion actually is related to this case. The designation reads in relevant part:

> 4. Mr. Ashley is expected to offer opinions related to whether he agrees or disagrees with any opinions rendered by any expert in this action, including the opinions of Plaintiffs' expert(s), is expected to explain the basis of his disagreement with any such opinion from other experts. Mr. Ashley reserves the right to supplement his opinions as discovery in this cause develops, including the depositions of Turner[1] and Deputy Herrington.

**Exhibit A, Designation of Expert.**

Under this Court's Local Uniform Civil Rules, absent a finding of just cause, a party's failure to make full expert disclosures by its "expert designation deadline is grounds for prohibiting introduction of that evidence at trial." L.U.Civ.R. 26(a)(2). A party seeking to designate an expert without providing full disclosure will not be considered to have met its expert designation deadline and the disclosure may be stricken upon motion or by the court sua sponte. L.U.Civ.R. 26(a)(2)(B).

The Defendants never supplemented their designation of Mr. Ashley until the final day of discovery. FRCP 26 requires that that a retained expert provide a report. No report was provided by the Defendants regarding their expert until the final day of discovery, months after the original designation, requiring that Mr. Ashely and his report be stricken.

---

[1] There is no deputy Turner or Herrington in this case

## II. The Defendants' disclosure of Mr. Ashley's opinions on the final day of discovery must be stricken as an untimely supplemental production

The Defendants had ample time during discovery to disclose the opinions of Mr. Ashely. The Defendants waited until May 1, 2020 – the final day of twice extended discovery period – to disclose Mr. Ashley opinions.

Pursuant to FRCP 37(c)(1) where a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial. The Defendants had ample time to provide the information required by FRCP 26 and the local rules but the Defendants did not abide by the rules, requiring that Mr. Ashley be stricken as a witness.

Pursuant to Rule 26(a)(1)(B), a party is required to produce a "copy of, or a description by category and location of, all documents ... in the possession custody or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment ." In addition, a party must provide to other parties "an appropriate identification[2] of each document or other exhibit" the party intends to offer at trial. Fed.R.Civ.P. 26(a)(3)(C).

In a case from 2014, a Mississippi federal court struck a party's witnesses in a last minute disclosure that was remarkably similar to the belated disclosures which Defendant is attempting to make in this case.  In *Neel v. Fannie Mae*, No. 1:12cv311, 2014 WL 1338382 (S.D.Miss. 2014) (Ozerden, J.), the plaintiff attempted to disclose fact witnesses four days before the discovery deadline.  The Court in *Neel* found that there was no justification as to why the plaintiff waited until just before the discovery deadline to identify for the first time several potential fact witnesses.  *Id.* at *2.  This Court found that this unexplained delay in disclosing

---

[2] Defendant has wholly failed to "appropriately identify" anything in its supplemental disclosures and only makes vague assertions and statements.

these witnesses "prevented discovery into those witnesses and justifies their exclusion." *Id.* (*citing Terrance v. Pointe Coupee Parish Policy Jury*, 177 F.App.'x 457, 459 (5th Cir. 2006)) (affirming district court's exclusion of doctor's testimony disclosed "several months before trial" where plaintiff failed to disclose witness as required under Rule 26(a), plaintiff provided no reasons for the late disclosure, and defendants were prejudiced by not having the opportunity to depose the witness). It must be reiterated that the Defendant's "disclosures" also fail to identify anything, and are instead just vague statements about what may be discovered and identified later, contrary to the requirements of Fed.R.Civ.P. 26(a)(3)(C).

It is anticipated that the Defendants will argue that the disclosure could not be made before the Defendants deposed the Plaintiffs. If such was true, the Defendants should have deposed the Plaintiffs sooner or requested more time. In addition, Mr. Ashley totally and completely disregards the Plaintiffs' deposition testimony and only considers the Defendants' version of facts in his opinion, negating the expert's need for the Plaintiffs' depositions. In fact, beside summarizing the Plaintiffs' depositions, Mr. Ashley does not cite the Plaintiffs' depositions a single time while giving the "facts" of the incident, while Mr. Ashley cites the Defendants' depositions and reports for <u>every</u> single "fact" cited by Mr. Ashley.

## **CONCLUSION**

The Defendants' expert designation falls well short of what is required under Rule 26, requiring that the Defendants' designation of Mr. Ashley as an expert be stricken and that Mr. Ashely be prohibited from offering opinions at trial or otherwise.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that this Court strike Defendant's Designation of Expert and provide all other relief deemed proper by the Court.

Respectfully submitted this 4th day of May, 2020.

**PLAINTIFF**

BY:   /S/ Daniel M. Waide_____
        DANIEL M. WAIDE, MSB #103543

**CERTIFICATE OF SERVICE**

I, Daniel M. Waide, do hereby certify that I electronically filed the foregoing with the Clerk of court using the CM/ECF system, which will send notification of such filing to all counsel of record.

THIS the 4th day of May, 2020.

  /s/Daniel M. Waide_____
  DANIEL M WAIDE

DANIEL M. WAIDE, MSB #103543
Johnson, Ratliff & Waide, PLLC
1300 Hardy St.
PO Box 17738
Hattiesburg, MS 39404
601-582-4553 (Office)
601-582-4556 (Fax)
dwaide@jhrlaw.net