## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**SELENA HOWARD,** *et al*                                               **PLAINTIFFS**

**v.**                                            **CAUSE NO. 2:19-cv-00084-KS-MTP**

**FORREST COUNTY,** *et al*                                            **DEFENDANTS**

---

### PLAINTIFF DARIOUS LEGGETT'S RESPONSES TO DEFENDANTS FORREST COUNTY, MISSISSIPPI; CHEY SUMRALL; AND BLAKE BASS'S FIRST SET OF INTERROGATORIES

---

COMES NOW DARIOUS LEGGETT, hereinafter "Leggett," by and through his undersigned counsel, and hereby responds to Forrest County, Mississippi, Chey Sumrall, and Blake Bass' First Set of Interrogatories Propounded to Darious Leggett as follows to wit:

### GENERAL OBJECTIONS

1. Plaintiff objects insofar as the Interrogatories seek information or testimony within the scope of the attorney-client privilege or any other applicable privilege or which seek documents or things prepared in anticipation of litigation or trial by or for Plaintiff or his representatives or the mental impressions, conclusions, opinions, or legal theories of Plaintiff's attorneys or other representatives. Pursuant to Rule 26(b)(5), Plaintiff objects to the disclosure or production of documents and materials generated during the course of this litigation that constitute attorney work product or that represent privileged attorney-client communications. These documents and materials include, but are not limited to, correspondence between counsel and the Plaintiff, correspondence between counsel and consulting experts, and counsel's notes concerning the investigation or interviews with potential witnesses.

EXHIBIT

J

2.  To the extent these interrogatories seek information regarding experts, Plaintiff states that any request for information beyond the guidelines of Fed. R. Civ. P. 26(b)(4) is improper. The Plaintiff will comply only to extent disclosure is required under Rule 26(b)(4)(A)(i) barring a court order stating otherwise.

3.  The discovery requests are overbroad and burdensome and difficult to understand and to answer accurately and completely.

<u>**INTERROGATORIES**</u>

**<u>INTERROGATORY NO. 1:</u>**   Please specify your full name, nickname, birth date, place of birth, social security number, and current resident address.

**<u>RESPONSE:</u> Full name: Darious Deshun Trent Leggett; nickname: Debo; birthdate:** ▮▮▮▮▮▮ **place of birth: Hattiesburg, Mississippi; social security number: \*\*\*-\*\*-**▮▮▮**; current resident address:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**<u>INTERROGATORY NO. 2:</u>**   Please identify the extent of your educational background, including schools, dates of attendance, and degrees received.

**<u>RESPONSE:</u> Plaintiff has an associate degree from Pearl River Community College where he attended from 2016-2017. He is now working on receiving his bachelor's from Mississippi College.**

**INTERROGATORY NO. 3:**   Please identify by name, address and telephone number, each and every person known or believed by you to have discoverable knowledge of the facts and circumstances of this case and state for each person the area/category of information (e.g., facts or damages) you believe said person possesses.

**RESPONSE: Each person identified in initial disclosures.**

**INTERROGATORY NO. 4:**   Please identify by name, address and telephone number each person whom you expect to call as an expert witness at the trial of this cause. Their identification must include the information delineated in Rule 26(b)(4)(a)(i) of the Mississippi Rules of Civil Procedure.

**RESPONSE: Plaintiff has not yet determined who may be called as an expert witness but reserves the right to supplement.**

**INTERROGATORY NO. 5:**   Please identify each person who you will call to testify to render a lay opinion at the trial of this matter, and as to each such person who will offer a lay opinion, state the subject matter upon which that person is expected to testify, all facts to which that person is expected to testify, all opinions that person is expected to give, and give a complete summary of the grounds for each such opinion, including the exact personal knowledge or observations that the lay witness has which may qualify him or her to give such opinion.

**RESPONSE: Plaintiff has not yet determined who may be called as a witness at trial of this matter but reserves the right to supplement or use any individual identified in discovery.**

**INTERROGATORY NO. 6:** Please identify by name, address and telephone number each person who is expected to be called as a witness at the trial of this cause and state for each person the area/category of information about which you believe they will testify.

**RESPONSE: Plaintiff has not yet determined who may be called as a witness at trial of this matter but reserves the right to supplement or use any individual identified in discovery.**

**INTERROGATORY NO. 7:** If you, your attorney, or anyone acting on your behalf is aware of any statement made by any of the parties to this action, or any other persons regarding the event of which you complain in your Complaint, please state for each statement when, where, and to whom the statement was made, a detailed summary of what was said, and, if the statement was recorded electronically, in writing or otherwise, please identify the person by name and address who is in possession of said statement.

**RESPONSE: No statements have been made other than the incident report.**

**INTERROGATORY NO. 8**: Have you or any person acting on your behalf taken or made any photographs, drawings, surveys, movies, or video tapes or any other such document depicting any person, including yourself, or any object or place which in any way relate to the subject matter of your Complaint, and, if so, please identify the photograph, drawing, survey, movie, or videotape or thing and give the name, address, and telephone number of the person or persons that possesses the name.

**RESPONSE: Plaintiff has photographs stored in his iCloud account.**

**INTERROGATORY NO. 9:** Please identify each and every document of which you, your agent, or your attorney is aware that pertains to this action in any way, specifying the nature of the document and the name and address of the person who possesses the original.

**RESPONSE: Medical records, Justice Court records, incident reports.**

**INTERROGATORY NO. 10:** Please identify each and every document you intend to introduce into evidence at the trial of this matter as well as those you will utilize for demonstrative purposes.

**RESPONSE:     Plaintiff has not yet determined what may be used as evidence at the trial of this matter but reserves the right to supplement.**

**INTERROGATORY NO. 11:** Describe in your own words, in detail, how the events of which you complain took place, beginning three (3) hours prior to the accident, and describing particularly your whereabouts and activities. Please do not simply refer to the Complaint.

**RESPONSE:** **Plaintiff was sleeping 3 hours prior to the incident. When he woke up, he, Ms. Howard, and Ms. Antrinett left the home to take Ms. Howards sister to her GED class at Pearl River Community College. Mr. Leggett was putting his niece back to sleep when he heard someone yelling at his mother outside. He went outside and asked what was going on. This quickly escalated into an argument. Officer Blake Bass had his hand on his gun throughout their entire incident. Officer Chey Sumrall stated they received a report about dogs being malnourished. Mr. Leggett assured Officer Sumrall that their dogs are very well taken care of and on a healthy diet and offered to show the officer the bucket of dog food to prove they had food. When Mr. Leggett was walking inside to get the dog food, Officer Sumrall tried to follow him into the home but Mr. Leggett asked him to please stay outside and wait for him, to which Officer Sumrall replied no. Mr. Leggett told officer Sumrall that he knew his rights. Mr. Leggett felt as if Officer Sumrall was trying to provoke him and get a violent reaction out of him. At this point, Officer Sumrall told Mr. Leggett he was under arrest. Ms. Antrinett Leggett tried to intervene but was pushed down off the porch. Officer Blake Bass pointed his taser gun at Mr. Leggett's face before lowering it to his genital area, and he then shot the taser into Mr. Leggett's genitals. Mr. Leggett fell to the ground immediately out of pain and shock. Selena Howard was on the phone with dispatch trying to get more officers to arrive to try to break up what was happening. Mr. Leggett noticed the officers putting handcuffs on his**

**mother and then putting her in the back of the cop car. The officers also shoved their knees into Mr. Leggett's back to get him to lie flat on the ground, even though he could not do so due to the pain of the taser being shot into his genital area. Approximately thirty minutes later, more cops arrived at the scene, but they said there was nothing they could do since they did not see it all happen. An ambulance arrived but the EMT said there was nothing they could do for Mr. Leggett. He was taken to Forrest General Hospital where he ultimately received surgery to remove the tasers from his genitals.**

**<u>INTERROGATORY NO. 12:</u>** Please state the names, addresses, and telephone numbers of each and every person, corporation, or other entity, including, but not limited to, Medicaid, Medicare, Champus, and insurers which paid any bills or expenses, including, but not limited to, medical bills incurred by you as a result of the events alleged in your Complaint and state the amount paid by each such entity and whether or not any assignment of rights was affected by the payment. If so, please identify all written or oral communications referring to the assignment.

**<u>RESPONSE:</u> Plaintiff paid out of pocket for all medical expenses.**

**<u>INTERROGATORY NO. 13:</u>** Please identify each lawsuit, legal proceeding (either civil or criminal), administrative actions (including bankruptcy, worker's compensation, and/or social security), claims for personal injury or property damage, and/or traffic violations Justin

Adcock or Alliance South, LLC (sic) has been involved in within the last ten (10) years. For each, please describe with specificity: (1) the nature of the proceeding; (2) the outcome or resolution of the proceeding; (3) the cause number or other identifying number; (4) court wherein the case was filed; (5) parties and attorneys involved; and (6) if in reference to criminal charges, specifically identify all arrests, the dates of said arrests, the charges filed against you, disposition of the charges, including all fines, penalties and/or jail or prison sentences.

**RESPONSE: Plaintiff objects to the stated request as this interrogatory is not about him.**

**INTERROGATORY NO. 14:** If you contend that you suffered bodily injury as a result of the incident(s) asserted in your Complaint, please describe the nature, location, and extent of any bodily injury, temporary or permanent, if any, you contend to have sustained as a result of the incident outlined in your Complaint.

**RESPONSE: Plaintiff was shot with a taser in his genitals and could potentially have permanent damage. He is waiting to be seen by a specialist to determine whether or not he will be able to have children due to the damage caused.**

**INTERROGATORY NO. 15:** Please identify each and every medical provider you have seen or who has examined and/or treated you for any reason during the past five (5) years including any medical provider you have seen as a result of the incident in question.

**RESPONSE: Plaintiff has not seen any medical providers other than random ones for physicals required by athletic programs and the doctors at Forrest General who he cannot recall.**

**INTERROGATORY NO. 16:**  Please itemize and quantify each and every element of damage, including property damage, medical expenses, and other related expenses, etc., Plaintiff's claims as a result of the subject event, indicate whether Plaintiff is aware of any liens associated with that expense, and, if so, identity who holds that lien. Please likewise explain how Plaintiff calculated the respective figures and identify in each itemization the name and/or title of each corresponding entity(ies)/individual(s) providing each service, date(s), and rates. Please further identify any services that Plaintiff is currently still using, a projection as to how much longer such service is needed, and its associated cost or estimated cost.

**RESPONSE: Plaintiff incurred medical expenses as a result of the incident in the Complaint as well as attorney fees of $2,000 related to the criminal charges.**

**INTERROGATORY NO. 17:**  If you contend that you suffered bodily injury and/or emotional distress as a result of the incident(s) asserted in your Complaint, please identify each and every medical provider you have seen or who has examined and/or treated you as a result of the same.

**RESPONSE: Plaintiff is waiting to be seen by a specialist to determine whether or not he will be able to have children due to the damage caused.**

**INTERROGATORY NO. 18**: If you contend that you suffered bodily injury and/or emotional distress as a result of the incident(s) asserted in your Complaint, please identify each and every medical provider you have seen or who has examined and/or treated you for any reason during the past ten (10) years.

**RESPONSE: Plaintiff has only been seen by doctors when he needed mandatory physicals for athletic programs. Doctors at Forrest General Hospital removed the tazer prongs.**

**INTERROGATORY NO. 19:**   If you contend that you suffered bodily injury and/or emotional distress as a result of the incident(s) asserted in your Complaint, please identify each and every pharmacist you have utilized for any prescription during the past five (5) years.

**RESPONSE: Plaintiff used SAMS Club Pharmacy.**

**INTERROGATORY NO. 20:**   Please identify the domesticated and or non-domesticated animals on the premise where the incident about which you complain took place for a period of six (6) months prior to the same. Furthermore, please identify the owner of said animals.

**RESPONSE:**   **Two dogs- American pitbull and lab mix. Darious Leggett and Selena Howard are the owners.**

**INTERROGATORY NO. 21:** Paragraph 10 of Plaintiff's Complaint alleges that an "older couple" complained that the Plaintiffs would not allow them to trespass on their property the day before the incident about which Plaintiffs complaint in their Complaint. Please identify the couple in question by name, address and phone number.

**RESPONSE: Plaintiff does not know the name of the couple. They tried to go to the cemetery that is on the property but could not because of poor landscaping by the County.**

**INTERROGATORY NO. 22:** Paragraph 36 of Plaintiffs' Complaint alleges "[t]he County has encouraged and ratified the actions complained of herein." Please state each and every fact which you contend supports the above-referenced allegations of paragraph 36 of Plaintiffs' Complaint.

**RESPONSE: The county pressed the charges. The county refuses to use body cameras despite plenty of funding.**

**INTERROGATORY NO. 23:** Paragraph 39 of Plaintiffs' complaint alleges "[i]t is the policy and custom of the Defendants to falsely arrest black citizens in the area of Forrest […].

11

Please state each and every fact which you contend supports above-referenced allegations of paragraph 39 of Plaintiffs' Complaint.

**RESPONSE: Selena was not arrested while Darious and Antrinet are both black.**

**INTERROGATORY NO. 24:** Please identify the owner of the subject property at the time the alleged incident in question occurred.

**RESPONSE: Shelby Rogers.**

**INTERROGATORY NO. 25:** Please identify whether you resided at the property in question and, if so, for how long at the time the alleged incident in question occurred.

**RESPONSE: Plaintiff has lived at this property for 6 years.**

**INTERROGATORY NO. 26:** Paragraph 23 of Plaintiffs' Complaint alleges "County officers do not ordinarily arrest or detain any person for charges regarding animals under these circumstances." Please state each and every fact which you contend supports the above-referenced allegations of paragraph 23 of Plaintiffs' Complain and identify the "circumstances" to which Plaintiff refers.

**RESPONSE: Plaintiff objects to the stated request as it exceeds discovery and the CMO set by the court.**

**INTERROGATORY NO. 27:**  Please state whether or not you have ever had any encounter with Deputy Sumrall of [sic] Deputy Bass in their capacity as Forrest County deputy sheriffs prior to the incident about you complain. If yes, please describe that encounter including date, time, and substance.

**RESPONSE: Plaintiff has had no other encounter.**

This the ___ day of March, 2020.

**DARIOUS LEGGETT**
**Plaintiff**

BY: _____
DANIEL M. WAIDE (MSB #103543)

Daniel M. Waide, (MSB#103543)
Johnson, Ratliff & Waide, PLLC
1300 HARDY ST.
PO BOX 17738
HATTIESBURG, MS 39404
601-582-4553 (OFFICE)
601-582-4556 (FAX)
dwaide@jhrlaw.net

## CERTIFICATE OF SERVICE

I, Daniel M. Waide, attorney for Plaintiff, do hereby certify that I have this day delivered, by electronic means, a true and correct copy of the above and foregoing to the following:

William R. Allen
Jessica S. Malone
Allen, Allen, Breeland & Allen, PLLC
wallen@aabalegal.com
jmalone@aabalegal.com

THIS the _____ day of March, 2020.

By: _____
        DANIEL M. WAIDE, MSB #103543

Daniel M. Waide, (MSB#103543)
1300 HARDY ST.
PO BOX 17738
HATTIESBURG, MS 39404
601-582-4553 (OFFICE)
601-582-4556 (FAX)
dwaide@jhrlaw.net

**VERIFICATION OF DISCOVERY RESPONSES**

STATE OF MISSISSIPPI

COUNTY OF FORREST

I, DARIOUS LEGGETT being first duly sworn, on oath, depose and say that I am the

Plaintiff herein, and that I have read the within and foregoing Plaintiff Darious Leggett's

Responses to Defendants Forrest County, Mississippi; Chey Sumrall; and Blake Bass's First Set

of Interrogatories, know the contents thereof, and believe the same to be true.

_____

DARIOUS LEGGETT, Plaintiff

PERSONALLY came and appeared before me, the undersigned authority in and for the

jurisdiction aforesaid, the within named DARIOUS LEGGETT, who after being by me first duly

and properly sworn, states on their oath that the matters, things, and allegations set forth in the

above and foregoing Plaintiff Darious Leggett's Responses to Defendants Forrest County,

Mississippi; Chey Sumrall; and Blake Bass's First Set of Interrogatories.

SWORN TO AND SUBSCRIBED by me on this the 6th day of MARCH , 2020.

_____

NOTARY PUBLIC

MY COMMISSION EXPIRES:

_____

1