IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**SELENA HOWARD,** *et al.*                                                                                       **PLAINTIFFS**

**v.**                                                       **CIVIL ACTION NO. 2:19-CV-84-KS-MTP**

**FORREST COUNTY,** *et al.*                                                                                 **DEFENDANTS**

### ORDER

This is a Section 1983 case. Plaintiffs allege various violations of their constitutional rights. They filed a Motion to Strike [41] the testimony of Defendants' expert, Steven Ashley, because Defendants did not timely produce an expert report. For the reasons provided below, the Motion to Strike [41] is **denied**, but Plaintiffs may depose Ashley on or before August 12, 2020.

Rule 26 provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present" expert testimony. FED. R. CIV. P. 26(a)(2)(A). "Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case . . . ." FED. R. CIV. P. 26(a)(2)(B). "A party must make these disclosures at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D). Local Rule 26 provides that a "party must make full and complete disclosure as required by Fed. R. Civ. P. 26(a) and L.U.Civ.R. 26(a)(2)(D) no later than the time specified in the case management order." L.U.Civ.R. 26(a)(2).

Here, the Case Management Order [8] set Defendants' initial deadline to

designate expert witnesses as January 10, 2020. The Court later extended this deadline to January 17, 2020. Defendants timely designated Ashley, but it is undisputed that they did not provide a written report with the designation, as required by the Rules of Civil Procedure and the Local Rules. Instead, they provided a written expert report from Ashley on May 1, 2020, the last day of discovery.

Rule 37 provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). When determining whether to strike an expert's testimony for a party's failure to timely disclose it, the Court considers the following factors:

(1) the importance of the witnesses' testimony;

(2) the prejudice to the opposing party of allowing the witnesses to testify;

(3) the possibility of curing such prejudice by a continuance; and

(4) the explanation, if any, for the party's failure to comply with the discovery order.

*Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 572 (5th Cir. 1996); *see also Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997).

Ashley's testimony is important in that he intends to testify regarding law enforcement policies and procedures for the use of force and TASERs, in particular. He also intends to provide expert testimony regarding the training of law enforcement

officers. These are key issues in the case and appropriate subjects of expert testimony.[1]

Plaintiffs would plainly be prejudiced because they had no opportunity to depose Ashley after receiving his report. They also had no opportunity to obtain and disclose rebuttal expert testimony. There is time to cure the prejudice, however. The pretrial conference is scheduled for August 13, 2020, approximately five weeks from the entry of this order. The Court is scheduled to hold a six-week criminal trial in Gulfport at the same time. Therefore, it is possible that the pretrial conference will be continued. Regardless, there is time for Plaintiff to depose Ashley.

Finally, Defendants claims that they did not produce an expert report because Plaintiffs failed to provide responses to discovery requests, and because Plaintiffs' counsel failed to respond to correspondence regarding deposition dates. Even if this is true, Defendants could have produced a report and then supplemented it later. Moreover, the record indicates that Defendants propounded discovery requests as early as August 19, 2019, but they waited until March 2020 to send a Good Faith letter in preparation for a motion to compel. If a party is dilatory in responding to discovery requests, the Local Rules and Rules of Civil Procedure provide remedies. The Court certainly doesn't want to encourage more discovery motions, but when a party sits on its rights for over six months, it does so at its own peril.

In conclusion, the Court declines to strike Ashley's testimony. Instead,

---

[1] In reply, Plaintiffs argued that Ashley's opinions regarding the use of TASERs are not important because he is not qualified to provide such testimony. The Court declines to address arguments raised for the first time in reply. *Wallace v. County of Comal*, 400 F.3d 284, 292 (5th Cir. 2005). Moreover, arguments arising under *Daubert* and Rule 702 should be raised in a separate motion.

Plaintiffs may depose Ashley on or before August 12, 2020. The Court trusts that counsel can confer and choose a date that is relatively convenient for all persons involved. The Court declines to shift any costs, in that Plaintiffs would have incurred the cost of a deposition regardless of Defendants' failure to timely produce the report.

SO ORDERED AND ADJUDGED this 6th day of July, 2020.

                                      /s/   Keith Starrett
                                      KEITH STARRETT
                        UNITED STATES DISTRICT JUDGE